UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SABRINA GIARDINA,

                            Plaintiff,

                -against-

KNICKERBOCKER GROUP, LLC,

                         Defendant.

-------------------------------------------------------------------------X

**For Online Publication Only**

**MEMORANDUM & ORDER**
24-CV-06647 (JMA) (SIL)

**FILED**
**CLERK**

3/31/2026 2:47 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Plaintiff Sabrina Giardina brings this action against her former employer, Defendant Knickerbocker LLC, asserting claims of associational discrimination under the American Disability Act ("ADA"), retaliation under the ADA, and retaliation under the New York State Human Rights Law ("NYSHRL"). (See Amended Complaint ("Am. Compl."), ECF No. 24.)

Presently before the Court are Defendant's motion to dismiss Plaintiff's Amended Complaint, (ECF No. 35), and Magistrate Judge Steven I. Locke's January 8, 2026, Report and Recommendation ("R&R"), which recommends that the Court deny Defendant's motion in its entirety, (ECF No. 41.) Defendant filed timely objections to the R&R, (ECF No. 42), and Plaintiff responded to Defendant's objections. (ECF No. 44.) For the following reasons, the Court ADOPTS the R&R and DENIES Defendant's motion to dismiss.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P. 72(b)(3) (similar). In reviewing a magistrate judge's report and recommendation, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); see also FED. R. CIV. P. 72(b)(3) (similar); United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). By contrast, those portions of a report

and recommendation to which there is no specific reasoned objection are reviewed for clear error. See, e.g., Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). Additionally, "the district court 'will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 186-87 (E.D.N.Y. 2022) (quoting United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)); see also Piligian v. Icahn Sch. of Med. at Mount Sinai, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) (explaining that such arguments "may not be deemed objections at all" (internal quotation marks omitted)).

The Court presumes familiarity with the background of this case, which is set forth in Judge Locke's R&R. (See ECF No. 41.)

Defendant argues that the R&R erred in concluding that Plaintiff adequately pled claims of associational discrimination under the ADA and retaliation under the ADA and NYSHRL. (See ECF No. 42.) As to associational discrimination, Defendant argues that Plaintiff failed to plausibly allege that: (1) Defendant believed Plaintiff's husband's injury would distract her from her work or impose costs on Defendant; (2) Plaintiff suffered an adverse employment action; or (3) any adverse action was caused by her husband's disability. (See id. at 13-25.) As to retaliation, Defendant argues that Plaintiff's claim fails because her email expressing concern about her exclusions does not constitute protected activity. (See id. at 5-11.)

The Court reviews the arguments raised in Defendant's objections de novo. After conducting a de novo review of the full record and applicable law, the Court agrees with Judge Locke's well-reasoned R&R, overrules Defendants' objections, and adopts the R&R as the opinion of the Court.

Accordingly, the Court DENIES Defendant's motion to dismiss the Amended Complaint.

**SO ORDERED.**

Dated:   March 31, 2026
          Central Islip, New York

(/s/ JMA)

JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
